Elsa S. Burrows v. Commissioner.
Burrows v. Commissioner
Docket No. 109537.
United States Tax Court
1943 Tax Ct. Memo LEXIS 220; 2 T.C.M. (CCH) 410; T.C.M. (RIA) 43338; June 30, 1943
*220 Richard J. Mackey, Esq., 1450 Broadway, New York City, for the petitioner. J. Marvin Kelley, Esq., for the respondent. DISNEY
Memorandum Findings of Fact and Opinion DISNEY, Judge: The Commissioner mailed notice to the petitioner that a deficiency in income tax has been determined against Anna B. Scherer, deceased, for the taxable period January 1, 1936, to June 24, 1936, in the amount of $2,984.71, and that "the amount of the deficiency stated, plus interest as provided by law" constitutes the petitioner's liability as transferee of assets of the said Anna B. Scherer, deceased. The petitioner assigns as error the determination that the amount of certain trustee's commissions constitutes income taxable to the decedent, and the determination that the petitioner is a transferee of certain of the decedent's assets. Also in issue is the question whether assessment of the proposed transferee liability is barred by the statute of limitations. We adopt and incorporate herein by reference the stipulations of fact filed by the parties. Such parts thereof as are necessary to an understanding of the issues are included in our findings of facts, made also from other evidence. Findings of Fact
*221 The petitioner is a resident of the town of Osprey, in Sarasota County, Florida. She is the daughter of Anna B. Scherer who died a resident of Florida on June 24, 1936, leaving a will devising her entire estate to the petitioner and appointing the petitioner executrix. The decedent's return for the taxable period here involved was filed by the petitioner, as executrix, with the collector for the district of Florida on March 15, 1937. The notice of transferee liability was mailed to the petitioner on September 29, 1941. Anna B. Scherer was the wife of Oscar Scherer who died testate in 1923, devising his entire residuary estate to trustees for the benefit of his wife during her life, with remainder over to the petitioner. The will appointed as trustees the testator's widow, the petitioner, the petitioner's husband, testator's brother Albert, and a bank in New York City. Subsequent to the creation of the trust, a disagreement arose between Albert Scherer and the corporate trustee on the one side, and the petitioner, her mother and her husband on the other side. Litigation in the Surrogate's Court of New York County resulted. In 1928 or 1929, in settlement of the dispute, it was agreed *222 that the individual trustees would not thereafter act in that capacity, but would leave the administration of the trust solely to the bank, and that, with the exception of the petitioners' mother, the individual trustees would waive their rights to receive commissions on trust income. The petitioner's mother at the same time agreed to waive her right to commissions on paying out corpus, after the termination of the trust. In December, 1936, the corporate trustee, in payment of Anna B. Scherer's Trustee's commissions on principal of the trust, transferred to the petitioner, as executrix of her mother's estate, $6.63 in cash, and two bonds and mortgages, one in the face amount of $5,500 covering premises at 4370 Martha Avenue, New York, and the other in the amount of $6,450 covering premises in Port Chester, New York. Under date of December 4, 1936, the petitioner in her individual capacity as sole beneficiary under her mother's will, and in her capacity as executrix, acknowledged in writing receipt of the foregoing payment of commissions, and of the additional amounts of $10,069.45 representing the balance on hand in the Real Estate Operating Account of the trust, and $9,476.95 the *223 balance of trust income accrued prior to the death of Anna B. Scherer. By the same instrument, in consideration of the payment of those amounts, the petitioner released the trustees from all liability or accountability arising out of the administration of the trust. Both of the mortgages transferred to the petitioner are overdue. Their aggregate value on December 11, 1936 was about $3,000. The present value of the properties covered by the two mortgages is between $3,000 and $4,000 each. Under the provisions of a mortgage moratorium law in force in New York no mortgage can be foreclosed, even though past due, so long as the mortgagor makes payment of interest, taxes and an annual amortization of principal of one per cent. Similar provisions, in force in 1936, precluded foreclosure of the mortgages in question. The return filed for the decedent for the taxable period here involved reported $15,598.36 as income from fiduciaries, $537.04 taxable interest on Government obligations, making gross income of $16,135.40. With respect to income tax liability of Anna B. Scherer for the year 1935, tax of $2,422.30 was assessed and paid during the year 1936, the last payment, in the amount of *224 $1,816.72 having been made on June 11, 1936. On February 21, 1939, the respondent mailed notice to the taxpayer's executrix that an overassessment in the amount of $871.66 had been determined for the year 1935, and a deficiency of $2,984.71 had been determined for the period ended June 24, 1936. On April 13, 1940, the executrix filed a petition with the Board of Tax Appeals for redetermination of the 1936 deficiency, which petition, upon respondents' motion, was dismissed for lack of jurisdiction on June 24, 1940. The tax liability for the amount of the deficiency and for interest in the amount of $424.23 was assessed by the collector in July, 1939. Subsequently the assessment was credited with payments of $739.23 on July 9, 1939, $430.18 on October 16, 1939, and $89.42 on February 26, 1942. The collector filed a proof of claim dated January 11, 1940, with the County Judge's Court of Sarasota County, Florida, claiming an indebtedness of the estate of Anna B. Scherer for income tax for the period January 1, 1936, to June 24, 1936, of $2,239.53, and interest to January 10, 1940, of $31.58. After receipt of the letter of February 21, 1939, letters were written on behalf of the estate *225 of Anna B. Scherer in attempts to obtain credit for the overassessment determined for the year 1935, but no claim for refund was filed. By letter dated December 1, 1939, the internal revenue agent in charge, at Jacksonville, Florida, notified the petitioners' husband that the overassessment was barred for allowance for the reason that no claim for credit or refund had been filed within two years after the tax was paid, or within three years after the return was filed. The last payment of tax for the year 1935 was the payment of $1,816.72, made on June 11, 1936. The appraisers appointed in the matter of the estate of Anna B. Scherer, filed a report that no property belonging to the estate was found or ascertained, other than personal clothing and effects, listed at a nominal value of $50. By an order of the Probate Court dated May 7, 1941, the petitioner was discharged as executrix and released from further liability in connection with the estate. The order contained a recital that satisfactory evidence had been adduced that the estate had no assets to pay any debts or obligations. The respondent adjusted net income, for the period here involved by adding $11,356.63, the aggregate *226 of the cash and the bonds and mortgages transferred to the petitioner in payment of Anna B. Scherer's commissions on principal as trustee under the will of Oscar Scherer, and by adding fiduciary income of $4,054.66. The deficiency notice contains the following explanation of the latter adjustment: (a) Income from the Oscar Scherer Trust for Anna B. Scherer, for the year ending December 31, 1936 has been corrected by the inclusion of corrected gain on sale of capital assets and the allowance of additional deductions for depreciation on rental properties and commissions paid to the Trustees. The corrected income from the Trust for the period ended June 24, 1936 was $17,821.80, in lieu of $13,767.14 originally reported, resulting in additional taxable income of $4,054.66. Opinion The return for the taxable period here involved was filed March 15, 1937. Under section 275(a) [1] and section 311 (b) (1) [2] of the Revenue Act of 1936, the time for assessment of transferee liability against the petitioner would normally have expired on March 15, 1941. The respondent concedes that the notice mailed September 29, 1941, would have to be held not timely, but for section 275 (c), providing for *227 a five-year period of limitation on assessment in cases where there is omitted from the return an amount of property includible in income in excess of 25 per centum of the amount of gross income reported thereon. Either of the amounts which respondent determined should have been included in income, namely, the $4,054.66 fiduciary income and the trustee's commissions of $11,356.63, is in excess of 25 per cent of $16,135.40, the gross income shown on the return. If either were properly includible, this phase of the case would be governed by section 275 (c), and the assessment of the proposed transferee liability would not be barred. *228 The burden of showing that the amounts in question are properly includible in income is on the respondent. ; . We think that it has not been met. The only evidence as to the amount of income of the testamentary trust consists of tables attached to one of the stipulations of facts. These tables show the amount of all income received by the corporate trustee during the year 1936, the amounts paid to or for the account of Anna B. Scherer, and a summary and reconciliation statement showing the distribution made of the balance of income. There is included in the statement of income received, and in the summary and reconciliation statement, an item of $4,087 which appears to represent income received by the corporate trustee prior to January 1, 1936, but distributed to the decedent or deposited to her credit thereafter. There is no proof as to what amounts had accrued during the taxable period up to the date of her death. Hence there is no way of our knowing whether any properly includible trust income was not reported on the return. The explanation contained in the *229 notice of transferee liability indicates that the adjustment results from a recomputation of the amount of gain on sale of capital assets. But the basis for the adjustment is neither disclosed nor substantial, so that we may not determine the amount properly includible in income. Upon brief, the respondent asserts that this item is not contested by the petitioner. It is true that the adjustment in question was not made the subject of an express assignment of error, but the respondent is not therefore relieved of the burden of bringing his case within the exception of section 275 (c). That burden may be satisfied by affirmative evidence, or by an express concession by the petitioner that the fact is as the respondent contends. But, in our opinion, the absence of an allegation that the determination is erroneous where, as here, the statute of limitations has been pleaded in bar, is at best equivocal. It may not be said, therefore, that the petitioner concedes the correctness of the respondent's treatment of the item in question. Cf. , and cases there discussed at page 13. The only other adjustment to reported income was the addition of *230 $11,356.63 for commissions on principal of the trust created under the will of Oscar Scherer. The petitioner contends that Anna B. Scherer during her lifetime waived her right to commissions on principal and that, in any event, the two bonds and mortgages which were accepted in payment of all but $6.63 of the amount of commissions, were not worth their face amount. The evidence as to the alleged waiver is meager. We should hesitate to say that the decedent had divested herself of all right to commissions, especially in view of the fact that they were subsequently paid to and accepted by her estate as her property. But even if it be assumed that a right to paying-out commissions had accrued to her prior to her death, and that the amount thereof constituted taxable income under the rule of ; , and similar cases, we think that the petitioner still must prevail on this issue. The evidence does not disclose the amount of trust corpus upon which commissions were paid nor the rate at which they were computed. Thus, there is no way of our *231 knowing the amount of the commissions to which Anna B. Scherer was entitled, even though it be assumed that she had a right to commissions. That something was paid to her estate as commissions is known, but the only evidence of its value is found in the testimony of the petitioner's husband. He estimated the aggregate worth of the bonds and mortgages, which made up the bulk of the payment, at about $3,000. The respondent contends that on cross-examination the witness testified that each mortgage has a value of from $3,000 to $4,000. That testimony related not to the value of the mortgages, but to the value of the mortgaged properties if unincumbered. The evidence establishes that neither mortgage could be foreclosed. It follows that the commission payment can not be said to have been worth more than the value of the bonds and mortgages plus the cash. We can not hold that that value exceeded $3,000 plus the $6.63. The sum of those amounts is less than 25 per cent of gross income shown on the return. The respondent has not sustained the burden of proving that the case is governed by the provisions of section 275 (c). We hold that the proposed assessment of transferee liability is barred *232 by the statute of limitations. At the hearing and upon the brief the petitioner argued that the respondent must offset the 1935 overassessment against the deficiency determined for the taxable period. Assuming that that question was properly in issue, it need not now be decided in view of our holding that the proposed assessment is barred. Decision will be entered for the petitioner. Footnotes
1. SEC. 275. PERIOD OF LIMITATION UPON ASSESSMENT AND COLLECTION. Except as provided in section 276 - (a) GENERAL RULE. - The amount of income taxes imposed by this title shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period. ↩
2. SEC. 311. TRANSFERRED ASSETS. * * * * *
(b) PERIOD OF LIMITATION. - The period of limitation for assessment of any such liability of a transferee or fiduciary shall be as follows: (1) In the case of the liability of an initial transferee of the property of the taxpayer, - within one year after the expiration of the period of limitation for assessment against the taxpayer.↩